UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In re ) | | |
| ) | | |
| MCQUILLEN PLACE COMPANY, LLC, an ) | Case No. 19-00507 | |
| Iowa limited liability company, ) | Chapter 7 | |
| ) | | |
| Debtor. ) | Hon. Thad J. Collins | |
| ) | | |
| ) | | |

MOTION FOR RECONSIDERATION OF ORDER

NOW COME James Gray and Charles Thomson, creditors, administrative claimants, and equity security holders (the "Movants"), through their counsel, and as and for their "Motion for Reconsideration of Order" (this "Motion") respectfully state as follows:

1. On March 23, 2020, the Trustee filed a "Motion to Motion For Sale of Property Under Section 363" (the "Sale Motion") pursuant to which he sought, *inter alia*, to sell the principal asset of the estate, certain real and property located at 123 North Main, Charles City, Iowa (the "Property") to First Security Bank & Trust Co. ("First Security") for $1.1 million. On April 8, 2020, this Court held a telephonic hearing (the "Telephonic Hearing"), during which the Court considered the Sale Motion and several objections thereto, including objections filed by the Movants.

2. On April 9, 2020, this Court entered an Order (the "Order") which, *inter alia*, granted the Sale Motion. The Order is stayed by operation of Bankruptcy Rule 6004(h).

3. Two serious matters merit the Court revisiting, under either Bankruptcy Rule 9023 or 9024, the provisions of the Order:

    A. Counsel for Movants, during the Telephonic Hearing, requested an opportunity to cross-examine the Trustee in connection with the affidavits

1

presented to support the Sale Motion; the Court did not address the request during the hearing, and the Order's silence on the issue creates a due-process-based impediment to consummation of the Order's sale provisions; and

B. The provisions of the Order, as drafted, appear to be diametrically at odds with the provisions of Title 17.

## I. The Issue of the Request to Cross-Examine the Trustee

4. During the Telephonic Hearing, counsel for Movants specifically requested an opportunity to examine the Trustee, under oath, concerning, *inter alia*, the Trustee's failure to use even free advertising media to solicit bids for the Property. The Court did not rule on the request during the hearing, and the Order is silent on the issue.

5. Affidavits, which are actually hearsay evidence, are frequently permitted as evidence under the Bankruptcy Rules and Federal Rules in the absence of objection. However, as indicated in 8 Norton Bankr. L. & Prac. 3d § 164:2[1], and as is recognized implicitly in Local Rule 3012-1(e) (requiring an appraiser to be available for cross-examination in the event of objection to this affidavit), admission of an affidavit is subject to the ability of opposing counsel being able to cross-examine the affiant as to the truth of the matter asserted in the affidavit.

---

[1] "Some courts have adopted procedures whereby direct evidence is introduced by means of affidavit, with the witness required to be available for cross-examination. It has been held that such a procedure violates Fed. R. Civ. P. 43(a), as adopted by Fed. R. Bankr. P. 9017,10 and no valid legal basis supports this policy in the context of a trial on the merits over the objection of a party. [] The affidavit constitutes inadmissible hearsay, and Fed. R. Civ. P. 43(a) requires testimony.[] A more difficult issue arises in the bankruptcy context where substantive rights may be finally determined by motion. Fed. R. Civ. P. 43(e) permits a motion to be supported by affidavit when based on facts not appearing in the record. [] In the absence of an objection, an affidavit may be sufficient; [] but where an objection is raised, and the motion presents issues of fact and seeks a final judgment, the matter is in essence a trial strongly favoring the testimony of witnesses taken in open court. The need for both the plaintiff and defendant to have access to the declarant cannot be overemphasized." (Citations and footnotes omitted.)

6. The right to confrontation is a critical component of due process -- so much so that it is enshrined, in the criminal context, in the Constitution. Where, as here, the request by an objector to a proposed sale has specifically requested to exercise this right, failure to permit the cross-examination together with omitting any ruling on the request creates a gap in due process which can later be argued to be an infirmity in the title taken by any buyer under the Order. In the absence of an ability to cross-examine the Trustee, the affidavit of the Trustee is inadmissible hearsay, and there is no evidentiary support in the record to justify the entry of the Order. This is error.

8. Movants continue to demand the right to cross-examine the Trustee for the reasons stated during the Telephonic Hearing, and assert that such cross-examination must be permitted before the Order can be lawfully entered.

## II. The Copyright Issue

9. Cornice & Rose International, LLC ("C&R"), has asserted its rights under an architectural copyright in all aspects of the design and creation of the Property. During the Telephonic Hearing, and in his drafting of the Order, counsel for First Security insisted that the copyright issue would be resolved through insertion of certain paragraphs of the Order.

10. As is indicated in separate filings by C&R, however, the Order as crafted creates a number of conflicts with C&R's rights under Title 17.

11. Movants believe it serves no one's interests to have intricate, potentially expensive unresolved copyright issues blocking completion of the Property.

12. Accordingly, Movants join in the Motion for Reconsideration submitted by C&R (the "C&R Motion").

NOW, WHEREFORE, the Movants respectfully request that this Court enter an order:

(a) setting this matter for hearing;

(b) granting the Motion and permitting cross-examination of the Trustee as requested;

(c) granting the C&R Motion; and

(d) granting the Movants such other and further relief as may be just and equitable under the circumstances.

Respectfully submitted,

James Gray and Charles Thomson

 /s/ Charles Thomson
Charles M. Thomson

Charles M. Thomson, Esq.*
Law Office of Charles M. Thomson
1110 N. Grand Ave., Suite 300
Charles City, Iowa 50616
847-495-6834 - office
847-495-3488 - fax
cthomson@doall.com
*Licensed in Iowa and Illinois