UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MCQUILLEN PLACE COMPANY, LLC, an Iowa limited liability company, | ) ) ) | Bankruptcy Case No. 19-00507 |
| | ) | |
| Debtor. | ) ) ) | |

**MOTION OF CORNICE & ROSE INTERNATIONAL, LLC,
FOR STAY PENDING DETERMINATION
OF PARTIAL WITHDRAWAL OF THE REFERENCE**

NOW COMES Cornice & Rose International, LLC, an Illinois limited liability company ("C&R"), through its counsel, and as and for its "Motion of Cornice & Rose International, LLC, for Stay Pending Determination on Request for Partial Withdrawal of the Reference" (this "Motion") respectfully states as follows:

1. On April 23, 2020, C&R filed its "Motion of Cornice & Rose International, LLC, for Partial Withdrawal of the Reference" (the "Withdrawal Motion") in the United States District Court for the Northern District of Iowa. A copy of the Withdrawal Motion is attached hereto as Exhibit A.

2. C&R respectfully requests that this Court stay all matters related to the issues discussed in the Withdrawal Motion, including, but not limited to, the proposed sale of certain real property located at 123 N. Main Street, Charles City, Iowa (the "Property"), pending the resolution of the Withdrawal Motion in the District Court.

3. The factors to be considered in determination of a motion for a stay pending resolution of a motion in the district court for withdrawal of the reference include the following:

1

(1) [whether the party seeking withdrawal of the reference] is likely to prevail on the merits of the withdrawal motion;

(2) [whether the party seeking withdrawal of the reference] is likely to suffer irreparable harm if the motion is denied;

(3) [whether other parties] will not be harmed by a stay; and

(4) [whether] the public interest will be served by granting a stay."

*F.D.I.C. v. Imperial Capital Bancorp, Inc.*, 2011 WL 5600542, at *1 (S.D.Cal. Nov. 17, 2011), cited by *In re City of Detroit, Mich.,* 498 B.R. 776, 780 (Bankr. E.D. Mich. 2013).

4. All four of these factors favor granting a stay in this situation.

5. First, for the reasons stated in the Withdrawal Motion, C&R is likely to prevail in its request for withdrawal of the reference. The determinations sought to be withdrawn to the District Court fall squarely within the mandatory withdrawal statute, and C&R has complied with the other requirements for withdrawal.

6. Second, also for the reasons stated in the Withdrawal Motion, C&R will suffer significant, irreparable harm if the sale proceeds. C&R's rights in valuable property (its copyrights) will, if the proposed sale is consummated under the current legal regime, be clouded and subject to years of litigation pitting Title 17 rights against Title 11 jurisdictional issues.

7. Third, the other parties in interest will not be harmed by the stay, and will actually benefit from the clarity that a stay would provide. The parties to the proposed sale of the Property, in the absence of a stay, could consummate a sale that would result in years of litigation against the Trustee, the proposed buyer of the Property, and the estate itself.

8. Finally, the public interest (including, but not limited to, the interest of the creditors of the estate) will be served by staying the proposed sale. Creditors will benefit by minimizing

legal expenses to the estate. The public generally will be served by judicial economy being obtained and by having a single, conclusive result reached in a difficult area of copyright law. If the proposed sale is not stayed, and the sale is consummated, the very real risk of subsequent infringement actions against the purchasers, any contractor, any subsequent purchaser, and any potential tenant of the Property could easily render the Property useless and uninhabitable. The Property, such as it is, would likely sit idle while infringement cases work their way through various courts. Instead of getting the partially finished structure completed and available for tenants -- which was stated as one of the Trustee's goals in selling the Property -- the local community would have a prominently located incomplete building for the indefinite future.

WHEREFORE, C&R respectfully requests that this Court enter an order:

(a) setting this matter for hearing;

(b) staying the proposed sale of the Property pending resolution of the Withdrawal Motion; and

(c) granting C&R such other and further relief as may be just and equitable under the circumstances.

> Respectfully submitted,
>
> CORNICE & ROSE INTERNATIONAL, LLC
>
> /s/Bradley R. Kruse
> Bradley R. Kruse AT0004483
> Dickinson, Mackaman, Tyler & Hagen, P.C.
> 699 Walnut Street, Suite 1600
> Des Moines, Iowa 50309-3986
> direct:(515)246-4505
> fax: (515)246-4550
> email: bkruse@dickinsonlaw.com

## CERTIFICATE OF SERVICE

   This document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing dated this 23rd day of April, 2020.


                 /s/ Tiffany Roosa