UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>MCQUILLEN PLACE COMPANY, LLC,<br><br>Debtor. | Chapter 7 Bankruptcy<br>Case No. 19-00507<br><br>**MOTION FOR PRODUCTION OF DOCUMENTS PURSUANT TO F.R.B.P. 2004 (CONTESTED)** |

COMES NOW First Security Bank & Trust Co. ("Bank"), a creditor and party in interest in this case, by and through its counsel and in support of this Motion respectfully states:

1. The Bank is a creditor of the Debtor and of this Estate, by virtue of, *inter alia*, promissory note(s) and mortgage(s) signed by the Debtor and delivered by the Debtor to the Bank.

2. At approximately 10:00 p.m. on April 7, 2020, James Gray ("Gray" for ease of reference) filed Proof of Claim #25, alleging he was due the sum of approximately $1,626.20 from the Debtor. According to information displayed on the Debtor's Statement of Financial Affairs, Gray personally owns 40% of the equity in the Debtor. Gray is also a principal in Cornice & Rose International, LLC, which has filed several Proofs of Claim with the Clerk of this Court, and alleged the Debtor owes it at least $2,500,000.

3. Previously, the Debtor via its managing member Charles M. Thomson had under oath signed and filed a set of Schedules with the Clerk of this Court, and Gray was nowhere listed as a creditor on those Schedules.

1

4. Additionally, during the §341 meeting held circa June 14, 2019 in the Debtor's Chapter 11 case, the Debtor's managing member Charles M. Thomson testified under oath that the Schedules were correct and accurate.

5. In its capacity as a creditor of the Debtor and of this Estate, the Bank has standing to seek information and documents concerning the acts, conduct, and liabilities and financial condition of the Debtor, as well as any matter that may affect the administration of the Debtor's Estate, within the meaning of F.R.B.P. 2004(b).

6. The Bank wishes to examine Proof of Claim #25 filed by Gray.

7. The Bank via counsel has twice attempted to procure information and documents, voluntarily and informally, from Gray's counsel Charles M. Thomson. While Gray's counsel Charles M. Thomson indicated a response might be forthcoming, as of the afternoon of July 6, 2020, not one item of information or documents has been tendered, in response to inquiry from Bank's counsel. The parties' e-mail exchanges are attached hereto and are by this reference incorporated herein as if set forth verbatim.

8. In light of the parties' attempts to procure voluntary production of information and documents, as evidenced by the attached e-mails, the Bank posits it and its counsel have attempted to seek agreement as to the production of documents, within the meaning of Bankr. N.D.L.R. 2004-1(c), but to no avail. As a result, this Motion is contested.

9. The Bank needs the following documents, in the context of Proof of Claim #25 filed circa 10:00 p.m. on April 7, 2020 by Gray:

    a. A copy of any Proof of Claim that bears the actual signature of James Gray, if any (other than the /s/ that now appears on Proof of Claim #25).

    b. A copy of any and all contract, e-mail, agreement, invoice, document, understanding, commitment, note, etc., by which the Debtor may be liable to Gray for the approximate $1,626.

    c. To the extent, if at all, the $1,626 related to materials and supplies etc. purchased from Tamarack, a copy of any and all documents that shows and confirms any or all of the materials and supplies were used at the building construction site on which a building, once owned by the Debtor, was located.

    d. A copy of any and all other document, agreement, e-mail, invoice, note, guarantee, etc. that in any form or fashion obligates the Debtor to pay the $1,626 asserted by Gray in Proof of Claim #25, in addition to or other than whatever is produced pursuant to Request #9(b) *supra*. For example, if Stephanie Gray, Hildreth & Company, LLC, other person, or other entity claims the Debtor owes her or it the $1,626 in question, produce a copy of any and all agreement, document, invoice, note, guarantee, etc. that relates to or supports such a claim.

    e. A copy of any and all federal or state tax return of Gray that refers to the $1,626 that is being asserted by Gray via Proof of Claim #25 (to the extent Gray wishes to redact other portions of the tax returns that do not relate to the $1,626 in question, the returns should nonetheless be produced, albeit in redacted fashion).

10.     The production should occur within seven (7) calendar days of the entry of an Order granting the relief requested in this Motion.

WHEREFORE, First Security Bank & Trust Co. respectfully prays this Court pursuant to F.R.B.P. 2004 and Bankr. N.D.L.R. 2004-1 enter and enroll an Order directing James Gray to produce the documents requested herein, as prayed for in this Motion, and for such other relief as may be just and proper under the premises.

      /s/ Eric W. Lam
Eric W. Lam, AT0004416
Eric J. Langston, AT0014001
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Tel: 319-366-7641; Fax: 319-366-1917
elam@simmonsperrine.com
elangston@spmblaw.com
ATTORNEYS FOR FIRST SECURITY BANK & TRUST CO.

### Certificate of Service

The undersigned certifies, under penalty of perjury, that on this 8th day of July, 2020, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case.

      /s/ Kelly Carmichael

Louis Bonham, Monica Clark, Larry Eide, Brandon Gray, J D Haas, Laura Hyer, Brad Kruse, Don Molstad, Judith O'Donohoe, Joe Schmall, Christine Skilton, Brad Sloter, Charles Smith, Charles Thomson, L. Ashley Zubal

First Security – McQuillen/Pldgs/BA 19-00507 McQuillen - Drafts/2004 Mtn.070820.1008.ewl

| | |
|---|---|
| **From:** | Eric Lam |
| **To:** | "Thomson, Charles" |
| **Subject:** | McQ Pl Bankr N D Iowa/J Gray Proof of Claim #25 |
| **Date:** | Wednesday, June 3, 2020 12:21:21 PM |
| **Attachments:** | image001.png |

Hi Charley, with respect to PoC #25 asserted by Mr Gray for approx $1,626 and filed electronically circa 10p 4 7 2020, I have a few inquiries, including:

1. Could you confirm you filed that item, electronically, with the Clerk?
2. May I have a copy of the PoC WITH Mr Gray's blue ink signature, please?
   a. Also please advise when did Mr Gray place his blue ink signature on the PoC, if at all, please?
      i. Or if there is never a blue ink signature, please advise when did Mr Gray personally put /s/ on the PoC, please, if he did so electronically, or if AND when he authorized someone to put /s/ on the POC
3. May I have a copy of whatever contract, email, agreement, invoice, document, etc by which the Debtor McQ Pl was liable to Mr Gray for the approx $1,626 please? If there is no written or electronic document by which the Debtor McQ Pl became liable to Mr Gray for that approx $1,626, then how did/is/does the Debtor McQ Pl liable to Mr Gray, please?
4. I imagine the legal basis of PoC#25 is contractual i.e McQ Pl agreed to pay. If I am mistaken, e.g if there is some other basis, legal, equitable, statutory, or otherwise, might I impose on you and Mr Gray to enlighten me please?
5. Is Stephanie Mr Gray's spouse? I see her name is on the credit card statement. Hence my interest is piqued
6. I think $1,626 related to materials purchased from Tamarack. If I read correct, then
   a. Were the materials all used at the McQ Pl bldg site?
   b. What role, if any, does C & R have to do with ordering or purchasing or using these materials?
      i. E.g did C & R order these materials, or did Steph/Jim Gray order these materials? If the latter, who role did Steph/Jim Gray personally have to do with the construction project? Somehow I thought the license agreement etc were between McQ Pl and C & R, period? Or am I as usual again mistaken i.e there is some sort of relationship (contractual or otherwise) between McQ Pl and Mr Gray personally?
   c. What role, if any, does Hildreth have to do with ordering or purchasing or using these materials? Who was the person(s) from Hildreth who has knowledge about this transaction? Indeed, who/what is Hildreth, in the context of the project ?

I still have your email to me, authorizing me to reach out to Mr Gray directly. I was about to do so, but I still don't know if Brad/Lou on behalf of C & R (I assume they serve C & R and only C & R and not Mr Gray – do let me know if my assumption is incorrect) are of the same view (i.e I can reach out to Mr Gray directly, without going thru counsel), and so out of an abundance of caution I thought it best to reach out to you.

Thank you for the education, and I look forward to hearing from you



Eric Lam
Member

Simmons Perrine Moyer Bergman PLC
115 3rd Street SE, Suite 1200
Cedar Rapids, Iowa 52401-1266
Telephone: (319) 896-4018
Fax: (319) 366-1917
Email | Bio
www.spmblaw.com
Please notify me if you receive this confidential email in error.

| | |
|---|---|
| **From:** | Eric Lam |
| **To:** | "Thomson, Charles" |
| **Cc:** | Eric Langston; Eric Lam |
| **Subject:** | RE: McQ Pl Bankr N D Iowa/J Gray Proof of Claim #25 |
| **Date:** | Tuesday, June 30, 2020 10:26:10 AM |
| **Attachments:** | image001.png |

Good Morning, Charley. I have rec'd no response from you, re my Jun 3 email to you, set forth below

As I had reported to you recently, the Bank has asked me and Langston to deal with various claims issues

Anyway, to the extent any FRBP or N D L R requires "meet and greet" attempt to reach voluntary production and response, may I please hear from you by no later than July 3 2020 noon? If we can't reach an agreement re production or response by then, on behalf of the Bank I will file a formal motion seeking production. As of now (and without waiving any and all right and argument etc), I am not seeking any deposition/examination, YET, i.e I am trying to be as economical as possible viz let's try to get the information and document informally. But I and Bank can't wait forever, please (it has been almost a month since my Jun 3 email)

Thank you

**From:** Eric Lam
**Sent:** Wednesday, June 3, 2020 12:21 PM
**To:** 'Thomson, Charles' <cthomson@doall.com>
**Subject:** McQ Pl Bankr N D Iowa/J Gray Proof of Claim #25

Hi Charley, with respect to PoC #25 asserted by Mr Gray for approx $1,626 and filed electronically circa 10p 4 7 2020, I have a few inquiries, including:

1. Could you confirm you filed that item, electronically, with the Clerk?
2. May I have a copy of the PoC WITH Mr Gray's blue ink signature, please?
    a. Also please advise when did Mr Gray place his blue ink signature on the PoC, if at all, please?
        i. Or if there is never a blue ink signature, please advise when did Mr Gray personally put /s/ on the PoC, please, if he did so electronically, or if AND when he authorized someone to put /s/ on the POC
3. May I have a copy of whatever contract, email, agreement, invoice, document, etc by which the Debtor McQ Pl was liable to Mr Gray for the approx $1,626 please? If there is no written or electronic document by which the Debtor McQ Pl became liable to Mr Gray for that approx $1,626, then how did/is/does the Debtor McQ Pl liable to Mr Gray, please?
4. I imagine the legal basis of PoC#25 is contractual i.e McQ Pl agreed to pay. If I am mistaken, e.g if there is some other basis, legal, equitable, statutory, or otherwise, might I impose on you and Mr Gray to enlighten me please?
5. Is Stephanie Mr Gray's spouse? I see her name is on the credit card statement. Hence my interest is piqued

6. I think $1,626 related to materials purchased from Tamarack. If I read correct, then
   a. Were the materials all used at the McQ Pl bldg site?
   b. What role, if any, does C & R have to do with ordering or purchasing or using these materials?
      i. E.g did C & R order these materials, or did Steph/Jim Gray order these materials? If the latter, who role did Steph/Jim Gray personally have to do with the construction project? Somehow I thought the license agreement etc were between McQ Pl and C & R, period? Or am I as usual again mistaken i.e there is some sort of relationship (contractual or otherwise) between McQ Pl and Mr Gray personally?
   c. What role, if any, does Hildreth have to do with ordering or purchasing or using these materials? Who was the person(s) from Hildreth who has knowledge about this transaction? Indeed, who/what is Hildreth, in the context of the project ?

I still have your email to me, authorizing me to reach out to Mr Gray directly. I was about to do so, but I still don't know if Brad/Lou on behalf of C & R (I assume they serve C & R and only C & R and not Mr Gray – do let me know if my assumption is incorrect) are of the same view (i.e I can reach out to Mr Gray directly, without going thru counsel), and so out of an abundance of caution I thought it best to reach out to you.

Thank you for the education, and I look forward to hearing from you



Eric Lam
Member

Simmons Perrine Moyer Bergman PLC
115 3rd Street SE, Suite 1200
Cedar Rapids, Iowa 52401-1266
Telephone: (319) 896-4018
Fax: (319) 366-1917
Email | Bio
www.spmblaw.com
Please notify me if you receive this confidential email in error.

| | |
|---|---|
| **From:** | Thomson, Charles |
| **To:** | Eric Lam |
| **Cc:** | Eric Langston |
| **Subject:** | RE: McQ Pl Bankr N D Iowa/J Gray Proof of Claim #25 |
| **Date:** | Tuesday, June 30, 2020 11:43:41 AM |
| **Attachments:** | image001.png |

Hi Eric,

I haven't forgotten about you (or this).  I'll get back to you shortly.

Charley

**From:** Eric Lam <elam@simmonsperrine.com>
**Sent:** Tuesday, June 30, 2020 10:26 AM
**To:** Thomson, Charles <cthomson@doall.com>
**Cc:** Eric Langston <elangston@spmblaw.com>; Eric Lam <elam@simmonsperrine.com>
**Subject:** RE: McQ Pl Bankr N D Iowa/J Gray Proof of Claim #25

Good Morning, Charley. I have rec'd no response from you, re my Jun 3 email to you, set forth below

As I had reported to you recently, the Bank has asked me and Langston to deal with various claims issues

Anyway, to the extent any FRBP or N D L R requires "meet and greet" attempt to reach voluntary production and response, may I please hear from you by no later than July 3 2020 noon? If we can't reach an agreement re production or response by then, on behalf of the Bank I will file a formal motion seeking production. As of now (and without waiving any and all right and argument etc), I am not seeking any deposition/examination, YET, i.e I am trying to be as economical as possible viz let's try to get the information and document informally. But I and Bank can't wait forever, please (it has been almost a month since my Jun 3 email)

Thank you

**From:** Eric Lam
**Sent:** Wednesday, June 3, 2020 12:21 PM
**To:** 'Thomson, Charles' <cthomson@doall.com>
**Subject:** McQ Pl Bankr N D Iowa/J Gray Proof of Claim #25

Hi Charley, with respect to PoC #25 asserted by Mr Gray for approx $1,626 and filed electronically circa 10p 4 7 2020, I have a few inquiries, including:

1. Could you confirm you filed that item, electronically, with the Clerk?
2. May I have a copy of the PoC WITH Mr Gray's blue ink signature, please?
    a. Also please advise when did Mr Gray place his blue ink signature on the PoC, if at all, please?

   i. Or if there is never a blue ink signature, please advise when did Mr Gray personally put /s/ on the PoC, please, if he did so electronically, or if AND when he authorized someone to put /s/ on the POC
3. May I have a copy of whatever contract, email, agreement, invoice, document, etc by which the Debtor McQ Pl was liable to Mr Gray for the approx $1,626 please? If there is no written or electronic document by which the Debtor McQ Pl became liable to Mr Gray for that approx $1,626, then how did/is/does the Debtor McQ Pl liable to Mr Gray, please?
4. I imagine the legal basis of PoC#25 is contractual i.e McQ Pl agreed to pay. If I am mistaken, e.g if there is some other basis, legal, equitable, statutory, or otherwise, might I impose on you and Mr Gray to enlighten me please?
5. Is Stephanie Mr Gray's spouse? I see her name is on the credit card statement. Hence my interest is piqued
6. I think $1,626 related to materials purchased from Tamarack. If I read correct, then
    a. Were the materials all used at the McQ Pl bldg site?
    b. What role, if any, does C & R have to do with ordering or purchasing or using these materials?
        i. E.g did C & R order these materials, or did Steph/Jim Gray order these materials? If the latter, who role did Steph/Jim Gray personally have to do with the construction project? Somehow I thought the license agreement etc were between McQ Pl and C & R, period? Or am I as usual again mistaken i.e there is some sort of relationship (contractual or otherwise) between McQ Pl and Mr Gray personally?
    c. What role, if any, does Hildreth have to do with ordering or purchasing or using these materials? Who was the person(s) from Hildreth who has knowledge about this transaction? Indeed, who/what is Hildreth, in the context of the project ?

I still have your email to me, authorizing me to reach out to Mr Gray directly. I was about to do so, but I still don't know if Brad/Lou on behalf of C & R (I assume they serve C & R and only C & R and not Mr Gray – do let me know if my assumption is incorrect) are of the same view (i.e I can reach out to Mr Gray directly, without going thru counsel), and so out of an abundance of caution I thought it best to reach out to you.

Thank you for the education, and I look forward to hearing from you



Eric Lam
Member

Simmons Perrine Moyer Bergman PLC
115 3rd Street SE, Suite 1200
Cedar Rapids, Iowa 52401-1266
Telephone: (319) 896-4018
Fax: (319) 366-1917
Email | Bio
www.spmblaw.com

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>MCQUILLEN PLACE COMPANY, LLC,<br><br>Debtor. | Chapter 7 Bankruptcy<br>Case No. 19-00507<br><br>**ORDER RE MOTION FOR PRODUCTION OF DOCUMENTS PURSUANT TO F.R.B.P. 2004 (CONTESTED)** |

The matter before the Court is a Motion for Production of Documents Pursuant to F.R.B.P. 2004 filed by First Security Bank & Trust Co. Pursuant to F.R.B.P. 2004 and Bankr. N.D.L.R. 2004-1, the relief requested in the Motion is granted in its entirety. Claimant James Gray shall produce the documents as requested by First Security Bank & Trust Co. in its Motion.

DATED AND ENTERED: _____.

_____
Thad J. Collins, Chief Bankruptcy Judge
U.S. Bankruptcy Court, Northern District of Iowa

*ORDER PREPARED BY:*
Eric W. Lam, AT0004416
Attorney for First Security Bank & Trust Co.

First Security – McQuillen/Pldgs/BA 19-00507 McQuillen - Drafts/Order re 2004 Mtn.070820.1044.ewl

1